

FILED
AUG -9 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, AKRON OHIO

| | |
|---|---|
| Michael W. Bradley<br>57 S. Walnut ST; Fl. 2<br>Akron, Ohio 44303<br>    Plaintiff, | CASE NO. 5:19 CV 1815<br>JUDGE JUDGE ADAMS<br><br>**COMPLAINT** |
| vs. | Declaratory Judgment |
| Ohio Ethics Commission<br>William Green Building<br>30 West Spring Street, L3<br>Columbus, Ohio 43215-2256<br>    Defendant, | 42 U.S.C. 407 (a)<br>15 U.S.C. 1692/807 (2)(A)-<br>  (FDCPA)<br>42 U.S.C. 1983<br>U.S. Constitution I, IV, VI,<br>VII, IX Amendments |
| and | Ohio Constitution ART. I,<br>(1),(5),(10),(16),(20). ART. |
| Jen Boger<br>Ohio Ethics Commission<br>William Green Building<br>30 West Spring Street, L3<br>Columbus, Ohio 43215-2256<br>    Defendant, | II (1),(29). ART. XII (1),(5)<br>$50,000 Punitive Damages<br>per Defendant<br><br>MAG. JUDGE BURKE |
| and | |
| Paul M. Nick<br>Executive Director<br>Ohio Ethics Commission<br>William Green Building<br>30 West Spring Street, L3<br>Columbus, Ohio 43215-2256<br>    Defendant, | |
| and | |

| | |
|---|---|
| Susan Loe<br>Manager<br>Ohio Ethics Commission<br>William Green Building<br>30 West Spring Street, L3<br>Columbus, Ohio 43215-2256<br>      Defendant,<br><br>      and<br><br>Merom Brachman<br>Chairman<br>Ohio Ethics Commission<br>William Green Building<br>30 West Spring Street, L3<br>Columbus, Ohio 43215-2256<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1. Plaintiff filed as a write-in candidate for Ohio Secretary of State on August 23, 2018.

2. Plaintiff made prior inquiry and upon arrival at the offices of Ohio Secretary of State paid a filing fee of one hundred and fifty dollars ($150).

3. Plaintiff was fully aware tht he was able to file a candidacy under poverty affidavit, but budgeted for and elected to pay the fee.

4. INADEQUATE NOTICE. At no time prior to the filing <u>nor</u> at the office of Ohio Secretary of State was Plaintiff notified that he was required to pay a fee to the <u>Ohio Elections Commission</u> (hereinafter OEC).

5. NO CONSIDERATION. By permitting Plaintiff's candidacy, Plaintiff received consideration from the office of Ohio Secretary of State. There is a total lack of consideration by paying a fee or a tax for candidacy to the OEC.

6. NO CONTRACTUAL OBLIGATION. Plaintiff never entered into a contractual agreement with the OEC for their permission to permit Plaintiff's candidacy.

7. Plaintiff has many years ago ran for public office (including statewide) and had never been demanded payment of a fee or tax nor required to fill out a form from the OEC.

8. SELECTIVE ENFORCEMENT. It is claimed by the OEC that **only candidates** for **statewide** office must file with them and pay a fee. It should go noted that an unsuccessful candidate has not taken any form of **oath of office** which should bind them to be under the auspices of any governmental regulation or control without consideration, separate from the reporting requirements of the Secretary of State.

9.. NUNC PRO TUNC. Plaintiff is claiming nunc pro tunc from the year 2017 to the present.

10. On September 25, 2018, Plaintiff received an email from the OEC demanding the filing of a (FDS) Financial Disclosure State Form OEC-2017 **AND** a **($95)** ninety-five dollar fee. **This being the first time** that this issue had been raised. (Exhibit A)

11. A letter was sent out dated September 18, 2018, received on September 26, 2019, making the same request. (Exhibit B)

3

12. Plaintiff responded by letter questioning the OEC's authority to make such requests, (Exhibit C), however, he sent them his SSA income statement for 2017 and a notarized affidavit that his income was below the poverty level.

13. On October 18, OEC responded that it received Plaintiff's Social Security statement for 2017 his notarized statement wishing to be exempted from their fees on the grounds that his income from SSA was below the poverty limit. (Exhibit D)

13. Plaintiff's letter and statement was returned. (Exhibit E)

14. There is no Constitutional authority for the OEC to levy a fee, a tax or user fee.

15. There is a disparity of class division between statewide candidates and all other candidates for public office: Mayors, Councilman, Commissioners, Boards ect.

16. Rewriting paragraphs 1 to 15 as if fully rewritten here, Plaintiff asserts that assessment of a fee by the OEC violates the provisions of the U.S. Constitutional Amendments I, IV, VI, VII, XI, XIV and the Ohio Constitution ART. I, (1), (5), (10), (16), (20), ART. II (1), 29), ART. XII (1), (5).

PLAINTIFF'S EXEMPTION UNDER 42 U.S.C. 407 (a)

17. Plaintiff's income is virtually solely derived from Social Security Benefits with sporadic negligible gratuities from notary work. Household assets do not exceed statutory exemptions.

DEFENDANT(S) VIOLATION OF THE FAIR DEBT PROTECTION ACT

18. 42 U.S.C. 1692 Section 807 (2) (A): "False representation of legal status." Defendant(s) <u>continued</u> to assert that a "debt" was owed to them after filing for

4

"poverty" status and declaring exemption under 42 U.S.C. 407 (a):

(Exhibit F); (Exhibit G); (Exhibit H); (Exhibit I).

19. Plaintiff received two more collection notices from the Office of Ohio Attorney General: (Exhibits J and K) <u>demanding payment of a **FEE**</u>. No mention of the filing of (FDS) OEC-2017.

20. Plaintiff has now received a demand from the full OEC to file OEC-2017 and now an assessment for (<u>which was apparently originally a $35 fee</u>) (sic) **and** now a fee for ($285) and/or criminal prosecution. (Exhibits L and M).

21. There is no state disparity between the parties.

22. FORUM NON CONVIENS. Plaintiff is disabled with low vision and had to rely on public conveyance on a miserable trip to Columbus, which he has no intention to repeat. The Federal Courthouse is three blocks away and neither the OEC or the Franklyn County Courts would be interested or have jurisdiction over the Federal rights of the Plaintiff. A trip to Columbus would be pointless and a hardship.

23. The <u>Defendant(s)</u> wish is for Plaintiff to state his case in a court of law. Plaintiff has little choice but to accommodate them.

## PRAYER FOR RELIEF

Declaratory Judgment No. 1: To declare that Plaintiff was given inadequate notice of a fee from the OEC.

Declaratory Judgment No. 2: To declare that Plaintiff's poverty application should have been permitted by the OEC.

Declaratory Judgment No. 3: To declare that OEC lacked consideration in assessing Plaintiff a fee.

Declaratory Judgment No. 4: (a) To declare that OEC has no Constitutional Authority to assess a fee and no authority to refer it to Frankly County Common Pleas Court.

Declaratory Judgment No. 5: The OEC has no legal authority to require a fee from Plaintiff.

Declaratory Judgment No. 6: A judgment of any kind would be unattachable in a court of law under 42 U.S.C. 407 (a).

Declaratory Judgment No. 7: Defendant(s) engaged in debt collection practices on Plaintiff without Plaintiff having incurred a lawful "debt".

Declaratory Judgment No. 8: Defendant(s) engaged in practices designed to violate his civil rights under 42 U.S.C. 1983.

Declaratory Judgment No. 9: Defendant(s) jointly and severally acted with intentional malice and are therefore liable to the Plaintiff in the amount of fifty-thousand dollars. ($50,000) per defendant.

Respectfully submitted,

*Michael W. Bradley*
Michael W. Bradley
Plaintiff-pro se
57 S. Walnut ST; Fl. 2
Akron, Ohio 44303
(330) 217-6732